IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD CEPIKOFF, | ) |
| | ) |
| Plaintiff, | ) 2:19-cv-1616 |
| | ) |
| v. | ) |
| | ) Judge Marilyn J. Horan |
| STIFEL FINANCIAL CORPORATION and | ) Magistrate Judge Maureen P. Kelly |
| STIFEL, NICOLAUS & COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

In the present matter, Plaintiff Ronald Cepikoff filed suit against Defendants Stifel Financial Corporation and Stifel, Nicolaus & Company, Inc., seeking redress for allegations that Defendants discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. (ECF No. 1). Defendants subsequently filed a Motion to Compel Arbitration. (ECF No. 15). Magistrate Judge Kelly submitted a Report and Recommendation, recommending that the Motion be denied. (ECF No. 27).

After a de novo review of the pleadings and documents in this case, together with the Report and Recommendation, and Defendants' objections, the Court hereby finds:

Depending on the circumstances, a motion to compel arbitration may be analyzed under either the Rule 12(b)(6) motion to dismiss standard or the Rule 56 motion for summary judgment standard. *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773–76 (3d Cir. 2013). The Rule 12(b)(6) standard applies "[w]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or . . . documents relied upon in the complaint)." *Id.* at 773–74 (internal quotations omitted). The summary judgment standard, however, applies when

1

either (1) "the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate," or (2) "the opposing party has come forth with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Id.* at 774 (quotations and citations omitted). If the reviewing court finds that the motion to compel arbitration must be analyzed under the summary judgment standard, "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* at 776 (internal quotations omitted).

Here, the Complaint does not contain any facts indicating the existence of an arbitration agreement. Further, Plaintiff's claims do not rely on any documents that contain the contested arbitration agreement. The arbitrability of Plaintiff's claims is therefore not apparent from the face of the Complaint or documents relied upon by the Complaint, and the appropriate standard of review is the Rule 56 summary judgment standard. Consequently, the Motion to Compel must be denied and the parties must be given the opportunity to develop the factual record in relation to the enforceability of the arbitration agreement.

For these reasons, Defendants' objections are overruled, and Magistrate Judge Kelly's recommendation (ECF No. 27) that the Court deny Defendant's Motion to Compel Arbitration is hereby adopted.

THEREFORE, IT IS ORDERED that Defendants' Motion to Compel Arbitration (ECF No. 15) is DENIED without prejudice.

IT IS FURTHER ORDERED that the parties shall conduct limited discovery related to the narrow issue of the validity of the arbitration agreement, including but not limited to: evidence of Plaintiff's receipt of the employee handbook, annual reviews of the handbook with

Plaintiff, disclosure/coverage of an arbitration provision with Plaintiff, consideration for the arbitration provision, and the timing of the placement of the arbitration provision in the handbook.

BY THE COURT,

DATE  August 24, 2020

_____
Marilyn J. Horan
United States District Judge